UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| BILLY JOE WERTENBERGER, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-222 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant's response to the Order to show cause why this matter should not be dismissed as time-barred.[1]

### **Motion to Vacate**

On April 21, 2015, movant pled guilty to possession of child pornography. As part of his guilty plea, movant waived all rights to appeal his conviction or sentence, relating to non-jurisdictional , non-sentencing issues. On July 28, 2015, the Court sentenced movant to a total term of 117 months= imprisonment. Movant did not appeal. *See United States v. Wertenberger*, No. 1:14CR111 SNLJ (E.D.Mo.).

On July 28, 2015, movant signed a "Notice of Compliance with Local Rule 12.07(A)" indicating that he had been fulling informed of his right to appeal the final judgment in the case and he did not wish to file a notice of appeal. He also indicated that he had "instructed [his] attorney not to file a Notice of Appeal." *See* Docket No. 38.

---

[1] On January 2, 2018, the Court ordered movant to show cause as to why the Court should not dismiss the motion to vacate as time-barred.

Movant filed the instant motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, on December 18, 2017.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion to vacate indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States,* 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final ten (10) days after the judgment was entered on July 28, 2015. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on or about August 6, 2016.

In his response to the Order to Show Cause, movant asserts that he should be excused from the one-year statute of limitations because he had ineffective assistance of counsel. Thus, he appears to seek the benefit of equitable tolling in this case. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling.@ *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that Aeven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted@).

Movant's vague assertions about ineffective assistance of counsel are clearly insufficient to allow equitable tolling. The Eighth Circuit Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt,* 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene*

*v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

Moreover, this Court cannot begin to examine movant's assertions regarding his belief that his Constitutional rights were violated during his trial court process when he has not first shown that he was diligently pursuing his rights and some extraordinary circumstance prevented him from presenting his claims to this Court in a timely fashion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Movant has not stated exactly how he was prevented from filing his § 2255 motion to vacate within the intervening time period, and he has not explained to the Court how he was purportedly diligent in pursuing his rights without the benefit of counsel.

Additionally, movant's conclusory statement that he suffered a "loss of rights that transpired with the failures of counsel in regards to exercise[ing] his constitutional right to appeal," is not enough to outweigh movant's own waiver of his right to appeal in this case on two separate occasions. First, movant waived his right to appeal by signing a guilty plea with an explicit waiver of most of his appellate and post-conviction rights.

Most importantly, however, movant again indicated to counsel he did not want to appeal when he certified in writing by signing the "Notice of Compliance with Local Rule 12.07(A)," that he did not wish to file a notice of appeal, and he then indicated that he had "instructed [his] attorney not to file a Notice of Appeal." *See* Docket No. 38. These explicit instructions countermand movant's off-the-cuff statement that he had a loss of rights with the "failures of counsel in regards to exercising his constitutional right to appeal." This is especially the case when it was movant himself who instructed his counsel not to file an appeal, and evidence of movant's statement has been filed with this Court. *See* Docket No. 38.

4

Given the aforementioned, the Court finds that movant is not entitled to equitable tolling in this case. Furthermore, the instant motion to vacate was signed by movant on December 18, 2017, which is almost a year and a half after the limitations period expired on August 6, 2016. Movant's motion to vacate is therefore subject to dismissal as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DENIED AND DISMISSED AS TIME-BARRED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of April, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE