UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BILLY JOE WERTENBERGER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-222 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is movant's motion for reconsideration, pursuant to Rule 60(b), of the dismissal of his motion to vacate. After reviewing movant's motion in its entirety, movant's motion brought pursuant to Rule 60(b) will be denied.

**Background**

On April 21, 2015, movant pled guilty to possession of child pornography. As part of his guilty plea, movant waived all rights to appeal his conviction or sentence, relating to non-jurisdictional , non-sentencing issues. On July 28, 2015, the Court sentenced movant to a total term of 117 months= imprisonment. Movant did not appeal. *See United States v. Wertenberger*, No. 1:14CR111 SNLJ (E.D.Mo.).

On July 28, 2015, movant signed a "Notice of Compliance with Local Rule 12.07(A)" indicating that he had been fulling informed of his right to appeal the final judgment in the case and he did not wish to file a notice of appeal. He also indicated that he had "instructed [his] attorney not to file a Notice of Appeal."

Movant filed the instant motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, on December 18, 2017. The Court dismissed movant's motion to vacate as time-

barred on April 30, 2018. Movant filed the instant motion for reconsideration of the dismissal of his motion to vacate, pursuant to Rule 60(b), on September 24, 2018.

In his motion for reconsideration of the dismissal of his motion to vacate, movant asserts that he is seeking reconsideration of the Court's dismissal on several grounds: (1) newly discovered evidence by movant; (2) fraud upon the Court; (3) void judgment; and (4) violations of the Fifth Amendment Grand Jury Clause/Due Process violations.

**Discussion**

Movant=s grounds for filing this action under Rule 60 rather than a second motion to vacate brought pursuant to 28 U.S.C. § 2255 are frivolous. "A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward v. Norris,* 577 F.3d 925, 933 (8th Cir. 2009).

> For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an asserted federal basis for relief from a [trial] court's judgment of conviction or as an attack on the federal court's previous resolution of the claim on the merits. "On the merits" refers to a determination that there exist or do not exist grounds entitling a petitioner to [federal postconviction relief]. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.

*Id.* (citation and quotations omitted). The instant Rule 60(b) motion contains a claim because the factual predicate of movant=s claims concerns the validity of his underlying criminal conviction. Movant has merely re-titled his previous § 2255 motion as a "motion for reconsideration." As a result, it is more properly construed as a successive § 2255 case which this Court lacks jurisdiction to hear without certification from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2255(h).

Moreover, "Rule 60(b) authorizes relief in only the most exceptional of cases." *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.,* 293 F.3d 409, 415 (8th Cir. 2002).

2

Neither the factual nor legal predicates of the instant motion present exceptional circumstances. And furthermore, Rule 60(c)(1) requires that a motion made under Rule 60(b) "be made within a reasonable time . . ." The factual predicate of the instant motion was known to movant at the time of trial, and therefore, this motion has not been made in a reasonable time. As a result, movant is not entitled to relief under Rule 60(b).

For each of these reasons, movant is not entitled to relief. Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure [Doc. #8] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk shall not accept any future filings from movant in this closed action, unless such filings pertain to an appeal.

Dated this 26th day of September, 2018.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE